UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRIMO NUMBER ONE IN PRODUCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VG SALES LLC t/a PAPA G PRODUCE, and VINCENT A. GUARINO, <br><br> Defendants. | HONORABLE NOEL L. HILLMAN <br><br> CIVIL ACTION NO. 16-1395 <br><br> **OPINION** |

**APPEARANCES:**

ARCHER & GREINER PC
By: Douglas G. Leney, Esq.
One Centennial Square
Haddonfield, New Jersey 08033
       Counsel for Plaintiff

**HILLMAN**, United States District Judge:

    Plaintiff Primo Number One in Produce, Inc. brings this suit pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq.[1], alleging that Defendant VG Sales LLC, trading as Papa G Produce, and Papa G's President and principal, Defendant Vincent A. Guarino, failed to pay Primo for produce Primo sold to Papa G's between April 2015 and May 2015.

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant Papa G was properly served with the summons and complaint in this action on March 26, 2016 (see Docket Entry No. 7), but has failed to appear.  The Clerk of Court properly entered default pursuant to Fed. R. Civ. P. 55(a) against Papa G on May 2, 2016.

As to Defendant Guarino, Primo filed on the docket a Suggestion of Bankruptcy, and Guarino was administratively terminated without prejudice as a Defendant to this suit on May 3, 2016.

Presently before the Court is Primo's Motion for Default Judgment against Defendant Papa G only.  For the reasons stated herein, the motion will be granted.

## I.

Primo and Papa G had a contract pursuant to which Primo sold various items of produce (including bananas, broccoli, mushrooms and potatoes) to Papa G during April and May 2015. (Kroschwitz Aff. ¶¶ 2-3, 6 and Exs. A-B)  Papa G failed to pay numerous invoices.  The sum of the outstanding balances is $51,155.10. (Id. ¶ 7)  Each invoice contains the following language at the top:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all

> inventories of food or other products derived from these commodities until full payment is received. Interest and attorney's fees necessary to collect any balance due hereunder shall be considered sums owing in connection with the transaction under the PACA trust. Interest shall be added to unpaid balances as provided herein.

(Kroschwitz Ex. A)

Further, Primo and Papa G entered into an agreement entitled "Terms of Credit and Establishment of Account" which provides that if Papa G fails to pay on its account, Papa G agrees "to appear for and to confess or enter judgment . . . on the purchase invoice for such unpaid balance plus costs, accrued interest and with (10%) percent [sic] added as a reasonable attorney's fee, which purchase invoice shall constitute the instrument on which judgment shall be confessed." (Kroschwitz Ex. B)

## II.

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, a party seeking default judgment "is not entitled to a default judgment as of a right." *Franklin v. Nat'l Maritime Union of America*, No. 91-480, 1991 WL

3

131182, at *1 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), *aff'd*, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, *Comdyne I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," *Chanel*, 558 F. Supp. 2d at 535 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

**III.**

**A.   Plaintiff has stated a cause of action**

The PACA provides, "[i]f any commission merchant, dealer, or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of such violation.  Such liability may be enforced . . . by suit in any court of competent jurisdiction." 7 U.S.C. § 499e(a)-(b).

Section 499b provides, in relevant part, "[i]t shall be unlawful in, or in connection with, any transaction in interstate or foreign commerce: . . . [f]or any commission merchant, dealer, or broker . . . to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had." 7 U.S.C. § 499b(4).

Primo has established that Papa G failed to "make full payment" to Primo for transactions in agricultural commodities subject to the PACA.  Accordingly, Primo has stated a cause of action against Papa G.

**B.   Plaintiff is entitled to default judgment**

<u>Prejudice to Plaintiff</u>

Primo has adequately demonstrated that it will be prejudiced absent entry of default judgment.  Its records indicate that it has suffered an actual loss of revenue totaling

5

$51,155.10. (Kroschwitz Aff. ¶7 and Ex. A)  Absent entry of default judgment, there is a substantial danger that Primo will never recover this loss because Papa G has, at all times, refused to participate in this suit, which was filed over nine months ago.

No meritorious defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984); *accord $55,518.05 in U.S. Currency*, 728 F.2d at 195; *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657; *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Nothing in the papers before the Court, nor the Court's independent research concerning the relevant law, suggest that Papa G has a meritorious defense to this suit.

Defendant's delay is the result of culpable conduct

"Culpable conduct is dilatory behavior that is willful or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983).

The length of Primo's delay after having been properly served with the complaint, along with the nature of the claim asserted by Primo, supports an inference of culpable conduct.

6

**C.   Damages**

The invoices, along with the "Terms of Credit and Establishment of Account," and the Kroschwitz Affidavit demonstrate that Primo is entitled to $51,155.10 in principal amount due, plus $9,207.91 interest on the principal, for a total amount of damages equal to $60,363.01.

**D.   Attorneys fees**

Pursuant to the parties' agreement, Primo is entitled to recover 10% of the principal amount as a reasonable attorney's fee, which amounts to $5,115.51.

**IV.**

For the above-stated reasons, Primo's Motion for Default Judgment will be granted.  An appropriate order accompanies this opinion.


Dated: January 18, 2017                    __s/ Noel L. Hillman_____
At Camden, New Jersey                      **Noel L. Hillman, U.S.D.J.**